IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


DAVID TODD SARGENT,

      Plaintiff,

V.                                       CIVIL ACTION NO. 3:07-0632


MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


**MEMORANDUM ORDER**


In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability.  The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings and plaintiff's motion to remand.

Plaintiff filed his application on February 17, 2005, alleging disability commencing June 26, 2002, as a consequence of a lower back injury, carpal tunnel syndrome, pinched nerves at C2 and T1, hernia, nose surgery, neck injury, two fractured vertebrae, bulging discs, degenerative disc disease, arthritis, and Reiters syndrome. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-nine years of age and had obtained a high school education. His past relevant employment experience consisted of work as a cashier, construction laborer, maintenance worker at a fast food restaurant, painter, and telemarketer. In his decision, the administrative law judge determined that plaintiff suffers from degenerative disc disease of the lumbar spine, degenerative joint disease of the cervical spine, chronic obstructive pulmonary disease, and substance abuse, impairments he found severe. Concluding that plaintiff had the residual functional capacity for a limited range of light level work and that his past work as a telemarketer was not precluded by these limitations, the administrative law judge found him not disabled.

At the outset, it is noted that plaintiff submitted additional evidence with a supplemental brief consisting of a subsequent favorable decision by the Commissioner. It is plaintiff's position that this constitutes "new, material and additional evidence" which requires reversal or remand to the Commissioner for consideration.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In the instant case, the decision of the administrative law judge finding plaintiff not disabled was rendered on November 22, 2006. On September 17, 2008, following the filing of a second application, another administrative law judge issued a favorable decision in which plaintiff was found disabled commencing November 23, 2006. This decision, containing a finding that plaintiff was disabled only one day after the decision currently being considered, obviously raises questions

concerning the correctness of the earlier finding. Cases in this district have consistently held that a disability determination that commences the day after an administrative law judge's opinion that plaintiff is not disabled constitutes new and material evidence necessitating remand. See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D. W.Va. 2006); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D. W.Va. 2003). Evidence considered in reaching the second, favorable decision, "might well have changed the outcome in [the earlier] case ... ." Bradley v. Barnhart, supra. at 580. That determination, however, must be made by the Commissioner. Accordingly, remand is appropriate so that the Commissioner's decision on the second application and the evidence upon which it relied can be examined to determine whether modification of the first decision is necessary.

On the basis of the foregoing, it is **ORDERED**, pursuant to 42 U.S.C. § 405(g), sentence six, that this case be remanded to the Commissioner for consideration of new evidence.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:  September 28, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE